UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEE DOBINE, #206854,

                Petitioner,

                                                CASE NO. 2:15-CV-11115
v.                                      HONORABLE VICTORIA A. ROBERTS

SHERRY BURT,

                Respondent.
_____/


**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING THE MOTION TO HOLD PETITION
IN ABEYANCE, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**

**I.      Introduction**

Michigan prisoner Lee Dobine ("Petitioner")  filed a pro se Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings.  Petitioner pleaded

guilty to armed robbery and was sentenced to life imprisonment in the Lenawee County Circuit

Court in 1990.  In his pleadings, he raises claims concerning the state courts' denial of his successive

post-judgment motion, the validity of his sentence, and the effectiveness of counsel.  On March 31,

2015, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed

as untimely under the one-year statute of limitations applicable to federal habeas actions.  On April

23, 2015, Petitioner filed a response to the Court's order asserting that his claims have merit and

moving to hold the petition in abeyance so that he can return to the state courts to exhaust claims

concerning the effectiveness of trial and appellate counsel.

The Court further reviewed the matter and concludes that the habeas petition is untimely, must be dismissed, and that an abeyance and stay of the proceedings are unwarranted. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.     Procedural History

Petitioner pleaded guilty to armed robbery in the Lenawee County Circuit Court and was sentenced to life imprisonment in 1990. Following sentencing, he filed an appeal with the Michigan Court of Appeals, which affirmed his conviction. *People v. Dobine*, No. 125942 (Mich. Ct. App. Feb. 21, 1992) (Dkt.). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Dobine*, 441 Mich. 862, 490 N.W.2d 411 (Oct. 12, 1992).

Petitioner subsequently filed a motion for relief from judgment with the state trial court, which was denied on October 11, 2004. Pet. App'x. A. Petitioner apparently did not appeal that decision. Petitioner filed a second motion for relief from judgment with the state trial court, which was denied on June 13, 2013. *Id.*; *People v. Dobine*, No. 89-4397-FC (Lenawee Co. Cir. Ct. June 13, 2013). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction. *People v. Dobine*, No. 318196 (Mich. Ct. App. Oct. 11, 2013). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Dobine*, 495 Mich. 979, 843 N.W.2d 769 (March 28, 2014).

Petitioner dated his federal habeas petition on March 10, 2015.

## III.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA includes a one-year period

of limitations for habeas petitions brought by prisoners challenging state court judgments.  The

statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized by
>> the Supreme Court and made retroactively applicable to cases on collateral
>> review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed.

*See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late);

*Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner complied with the one-year statute

of limitations.  "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state

prisoner's federal habeas petition.  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's conviction became final in January, 1993 – before the AEDPA's April 24, 1996

effective date.  Prisoners whose convictions became final before the AEDPA's effective date are

given a one-year grace period in which to file their federal habeas petitions.  *Jurado v. Burt*, 337

F.3d 638, 640 (6th Cir. 2003).  Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The documents attached to the habeas petition indicate that Petitioner's first state post-conviction motion was denied by the trial court in 2004 and that his second state post-conviction motion was denied by the trial court in 2013.  Thus, it appears from the record that the one-year period expired well before Petitioner sought post-conviction relief in the state courts.  The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  Petitioner did not date his federal habeas petition until March 10, 2015 – long after the expiration of the one-year period.  His petition is therefore untimely and subject to dismissal.

In his response to the Court's show cause order, Petitioner does not assert that his habeas petition is timely.  Nor does he assert that the State created an impediment to the filing of his federal habeas petition or that his habeas claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law.  His petition is thus untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court  confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court  further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th

Cir. 2010).  A petitioner has the burden to demonstrate that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).   "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing.  The fact that he is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling.  *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.  *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*,

547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support

his allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not

presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual

innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  In keeping with Supreme Court

authority, the Sixth Circuit recognizes that the actual innocence exception should "remain rare" and

"only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at

321).  Petitioner makes no such showing.  His assertion that his habeas claims have merit does not

establish his actual innocence.  Petitioner fails to establish that he is entitled to equitable tolling of

the one-year period.  His petition is untimely and must be dismissed.

In response to the Court's show cause order, Petitioner requests that the Court hold his

habeas petition in abeyance so that he can return to the state courts to exhaust additional issues

concerning the effectiveness of trial and appellate counsel.  Given the Court's determination that the

petition is already untimely, however, such an abeyance and stay of the proceedings is unwarranted.

Petitioner's request to hold his petition in abeyance is denied.

**IV.  Conclusion**

Based upon the foregoing, the Court concludes that the habeas petition is untimely.  The

Court also concludes that an abeyance and stay of the proceedings is unwarranted.  Accordingly, the

Court **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus and **DENIES**

the Motion to Hold the Petition in Abeyance.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue.

28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a COA.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 4, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Lee Dobine by electronic means or U.S. Mail on May 4, 2015.

S/Carol A. Pinegar
Deputy Clerk

-7-